562

# Indiana Limestone Company et al. v. Nelson-Pedley Construction Company, Inc.

*Frederick H. Spotts,* for petitioner; *Gaffney & Bauer,* for owner.

*Edward H. Cushman,* for receivers.

LAMBERTON, J., May 5, 1931.—Nelson-Pedley Construction Company, Inc., entered into a contract, dated June 3, 1930, with the Sisters of St. Francis, under which the former was to construct for the latter a five-story maternity building at Fifteenth and Mifflin Streets, in the City of Philadelphia, for the price of $370,400. Under date of August 5, 1930, Nelson-Pedley Company entered into a contract with Vicenzo Di Francesco, the petitioner herein, by which the latter agreed, as subcontractor, to furnish materials and perform the work in connection with the stone, brick, tile, etc.

Nelson-Pedley Company defaulted under its contract with the Sisters of St. Francis, and on March 18, 1931, receivers for said Nelson-Pedley Company were appointed by this court as of the above term and number. Said contract in article five provided that in case of default by Nelson-Pedley Company, the Sisters of St. Francis should be at liberty to terminate their employment, to enter upon the premises "and take possession, for the purpose of completing the work included under this contract, of all materials, tools and appliances thereon." It is undisputed that there has been a default, and that the Sisters of St. Francis are in a position to avail themselves of this provision in the contract.

Meanwhile, petitioner under his contract with Nelson-Pedley Company has furnished a large amount of material for said building, a considerable proportion of which has been incorporated therein, and part of which still remains unused on and around the premises. This material was in part delivered on the job by petitioner himself, and was in part delivered by others, consigned to petitioner.

Di Francesco has filed a petition claiming that the portion of the material delivered on the job, and not yet incorporated in the building, is his property, and asking leave to remove the same. The Sisters of St. Francis have filed an answer admitting most of the averments in the petition, but contending that the material delivered in connection with the Di Francesco contract, and not yet incorporated in the building, is the property of Nelson-Pedley Company and that the Sisters of St. Francis should be permitted to take possession of it under article five of their contract with Nelson-Pedley Company. No depositions were taken, but most of the vital facts are admitted in the

petition and answer, and the few not so admitted were agreed upon by counsel at the argument. There is, therefore, no issue of fact involved, but merely a question of law.

Both parties agree that this situation is ruled by the case of Com. v. McFarland-Meade Co. et al., 86 Pa. Superior Ct. 67, but disagree as to the legal conclusion which should be reached on that authority. In the cited case, there was a contract between a builder and an owner, containing a clause similar to article five of the contract between Nelson-Pedley Company and the Sisters of St. Francis. A subcontractor delivered material on the job, and there was a subsequent default on the part of the principal contractor before the material was incorporated in the building. The owner contended that he was entitled to take possession of the material delivered by the subcontractor on the job, consigned to himself. The Superior Court held that title to the material remained in the subcontractor, and that the clause in the contract applied only between the owner and the principal contractor and had no application to the property of the subcontractor. Counsel for the Sisters of St. Francis has pointed out that in the cited case the material of the subcontractor was delivered in packages which had not been broken, and contends that the language of the court indicated that the question might have been differently decided if the material had been "in process of consumption as part of the construction."

The parties are in agreement that if the goods had been delivered on the job and nothing further had been done, title would still be in the petitioner. They likewise agree that if the goods had been incorporated in the building, title would be in the owner. Counsel for the petitioner contends that title remains in the petitioner until it shifts to the owner on incorporation of the material in the building. He contends that at no time, and under no circumstances, would title to this material vest in Nelson-Pedley Company.

Counsel for the Sisters of St. Francis contends that between the delivery of the material on the job and the incorporation of the material in the building there is a twilight zone, known as "in process of consumption as part of the construction," during which title is in Nelson-Pedley Company, and that the goods in question are in this twilight zone.

The facts are that the petitioner delivered a large amount of material on the job, and that the greater part of this material has actually been incorporated in the building. For example, petitioner delivered 1400 tons of concrete sand, of which 1370 tons are incorporated in the building, leaving only thirty tons in dispute. Petitioner delivered 3700 fire bricks, of which 2700 are incorporated in the building, leaving only 1000 in dispute, etc. Counsel for the Sisters of St. Francis contends that the use of part of the material delivered constituted a breaking of bulk, and that when bulk was broken, title to the unused portion passed from petitioner to Nelson-Pedley Company, and that the Sisters of St. Francis are entitled to possession of the same under their contract with Nelson-Pedley Company.

We cannot agree with this contention of counsel for the Sisters of St. Francis, and we do not believe it is justified by the language of the court in the case of Com. v. McFarland-Meade Co. et al.

Under the contract between Nelson-Pedley Company and petitioner, petitioner was to furnish materials and do the work. He was not to furnish materials to Nelson-Pedley Company, and have Nelson-Pedley Company do the work, but he himself furnished the materials and incorporated those materials in the building. In our opinion, under this arrangement title would never vest in Nelson-Pedley Company. The materials were delivered on the

job by petitioner as a matter of convenience to him in doing the work, and title remained in petitioner until the materials were actually incorporated in the building. Upon such incorporation, title immediately shifted to the owner. There was no twilight zone.

For the above reasons, we believe that petitioner is entitled to remove the unused portion of the materials delivered on the job. The petition and answer agree that among these unused materials are: 15 tons dimension stone, 200 tons rubble stone, 30 tons concrete sand, 1000 fire bricks, and 125 bags high-test cement.

The petitioner claims that there are also on said property 15,000 face brick. The answer admits only 12,000. The order to be made pursuant to this opinion will, therefore, be limited to the amount admitted, namely, 12,000 face brick.